UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIO DOMINQUEZ LA ROSA, A-213-392-213,<br>Petitioner,<br>v.<br>WARDEN, et al.,<br>Respondents. | No. 1:26-cv-08589-TLN-CKD P<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner also filed a motion to appoint counsel. This case was referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order dated October 21, 2026. (ECF No. 5.) The petition and respondent's opposition to the petition are before the court. (ECF Nos. 1, 9.) No further briefing is necessary. For the reasons set forth below, the undersigned recommends the court grant the petition to the extent that respondent be ordered to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Cuba who entered the United States on or about February 18, 2021. (ECF No. 9-2 at 1.) On February 25, 2021, petitioner was released into the United States on an order of own recognizance with conditions. (ECF No. 9-3.) Petitioner has lived in the United

States for several years since then, working and developing important family and community ties. (See ECF No. 1 at 3.)

Petitioner acknowledges a recent incident resulted in his detention in a county jail for 27 days and alleges the criminal case related to that jail detention has been dismissed. (ECF No. 1 at 3.) Under respondent's evidence, immigration officials encountered petitioner in jail having been arrested for domestic violence offenses. (ECF No. 9-1 at 3.) Otherwise, petitioner has no prior criminal history. (Id.)

Petitioner has been detained by ICE since August 10, 2026. (ECF No. 1 at 2.) On September 21, 2026, petitioner was served with a Notice to Appear charging him as removable. (ECF No. 9-2.) Through the present petition, he seeks immediate release. (ECF No. 1 at 20.)

Respondents filed an opposition to the petition. (ECF No. 7.) Respondents state the applicable detention authority is 8 U.S.C. § 1226(a) and assert petitioner is not entitled to any relief because that section entitles him to a bond mechanism which he did not use. (ECF No. 9 at 1.) Respondents ask the court to deny the petition for lack of exhaustion or, alternately, limit relief to the bond hearing. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

## III. Discussion

Petitioner was living in the United States when he was re-detained by immigration officials in August of 2026 and he is not subject to a final order of removal. The applicable detention authority is 8 U.S.C. § 1226. Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226). Under § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive

procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022).

Petitioner specifically alleges he was told he did not have the right to have a bond hearing. (ECF No. 1 at 2.) "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Exhaustion of any administrative remedies that were available should be waived because they were "inadequate or not efficacious" in this case. See Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

Habeas relief is warranted because petitioner has not had a bond hearing and is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a). The record further indicates petitioner had a liberty interest in his continued freedom protected by the Due Process Clause because he was previously released from ICE custody into the United States on an order of release on own recognizance. "Even if [petitioner] is subject to removal or his freedom could be revoked by statute, that interest is still protected by the Due Process Clause." Gurtaj S. v. Bondi, No. 1:26-CV-01031-TLN-CSK, 2026 WL 2225023, at *1 (E.D. Cal. Aug. 3, 2026); see also, e.g., Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release into the United States after a determination he presents no danger to the community or flight risk gives rise to a "heightened" liberty interest in remaining out of detention); Ramirez Bernal v. Mullin, No. 1:26-CV-04104-DAD-CSK (HC), 2026 WL 1785265, at *1 (E.D. Cal. June 22, 2026) (holding noncitizen released on an order of own recognizance developed a protected liberty interest in remaining out of custody while living freely in the community for approximately four years).

Having found petitioner has a clear interest in his continued freedom protected by the Due Process Clause, the court considers the three factors set forth in Mathews v. Eldridge, 424 U.S. 319, 335 (1976). Petitioner has a substantial private interest in maintaining his out-of-custody

status. Freedom from imprisonment is at the core of the Due Process Clause. Zadvydas, 533 U.S. at 690. The risk of erroneous deprivation of this private interest is considerable because petitioner has not been afforded an individualized determination whether he should be released or detained while removal proceedings are ongoing.

However, respondent may have a legitimate interest in petitioner's detention based on circumstances relating to the incident that preceded his recent criminal arrest prior to his present period of immigration detention. The undersigned recommends petitioner be provided a prompt post-deprivation bond hearing as the appropriate remedy rather than outright release. See, e.g., Chateauneuf v. Chestnut, No. 1:26-CV-01073-DC-JDP (HC), 2026 WL 523695, at *4 (E.D. Cal. Feb. 25, 2026) ("where the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release"); Singh v. Chestnut, No. 1:26-cv-00546-DJC-AC, 2026 WL 266021, at *2, 4 (E.D. Cal. Feb. 2, 2026) (ordering a post-deprivation bond hearing for a petitioner formerly released on his own recognizance and detained by ICE after an arrest where the government "may well have a legitimate interest in [p]etitioner's detention based on the information contained in the arrest report").

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Petitioner's motion to appoint counsel (ECF No. 3) be denied as moot.
3. Respondent be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
4. Judgment be entered in petitioner's favor and this case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the

objections shall be filed and served within **five (5)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: 11/13/26

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 domi8589.mer